Filed 9/14/16  P. v. Martinez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICARDO MARTINEZ,<br><br>Defendant and Appellant. | F071336<br><br>(Super. Ct. No. VCF266169)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Ricardo Martinez appeals from the trial court's denial of his petition for resentencing pursuant to Proposition 47, the Safe Neighborhoods and Schools Act.  The

[*]Before Kane, Acting P.J., Detjen, J., and Smith, J.

trial court denied the petition, concluding that Martinez posed an unreasonable risk of danger to public safety.  We affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Martinez's petition alleged he was convicted of violating Health and Safety Code section 11350, subdivision (a), for which he currently serving a sentence.  The district attorney opposed the petition, arguing Martinez posed an unreasonable risk of danger to public safety.

At the hearing on the petition, it was established that when Martinez was 14 years old, a juvenile petition was sustained finding he had violated Penal Code sections 187 and 664 (attempted murder), with a gang enhancement, a firearm enhancement, and a great-bodily-injury enhancement.  Martinez was sent to the California Youth Authority (now the Department of Juvenile Justice).  In 2011, he was convicted of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)), with a gang allegation being found true.  At one point, although exactly when is unclear, Martinez was convicted of possession for sales (the applicable code section is not identified).

The trial court denied the petition, finding that resentencing Martinez would pose an unreasonable risk to public safety.

## DISCUSSION

The relevant portion of Proposition 47 is codified in Penal Code section 1170.18.  This section provides that a prisoner may petition to have a felony conviction reduced to a misdemeanor if the felony conviction is specifically enumerated in subdivision (a) of the statute.  The conviction Martinez sought to have reduced to a misdemeanor was a felony violation of Health and Safety Code section 11350, subdivision (a).  This offense is listed in Penal Code section 1170.18, subdivision (a), so Martinez was eligible for resentencing.

Penal Code section 1170.18, subdivision (b), provides that if the prisoner is eligible for resentencing, the trial court must recall his sentence unless "the court, in its

2.

discretion, determines that resentencing the [prisoner] would pose an unreasonable risk of danger to public safety." Various factors are identified which the trial court may consider when deciding if the prisoner poses an unreasonable risk of danger to public safety, including (1) the prisoner's criminal conviction history, (2) the prisoner's disciplinary record while incarcerated, and (3) any other evidence the trial court deems applicable. Finally, as relevant to this case, Penal Code section 1170.18, subdivision (c), defines an unreasonable risk of danger to public safety as "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of" Penal Code section 667, subdivision (e)(2)(C)(iv).

Penal Code section 1170.18, subdivision (b), provides the trial court with discretion to determine whether the prisoner poses an unreasonable risk of danger to public safety. Accordingly, we review the trial court's decision for an abuse of discretion. A trial court abuses its discretion when it acts in an arbitrary, capricious, or patently absurd manner that results in a miscarriage of justice. (*People v. Peoples* (2016) 62 Cal.4th 718, 745.) In other words, the trial court abuses its discretion when its ruling falls outside the bounds of reason. (*People v. Johnson* (2015) 61 Cal.4th 734, 750.)

The trial court did not abuse its discretion in this case. The trial court relied on Martinez's criminal history in reaching its decision. This history established that Martinez, at the age of 14, attempted to murder another individual with the use of a firearm and for the benefit of a criminal street gang. In 2011, he was convicted of possession of a firearm for the benefit of a criminal street gang. He was later convicted of possession of narcotics for sale. The trial court could reasonably conclude that Martinez remained an active member of a criminal street gang and was likely to commit another serious offense within the meaning of Penal Code section 667, subdivision (e)(2)(C)(iv), if his conviction was reduced to a misdemeanor.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asserting that, after a thorough review of the record, she could not identify any arguable

3.

issues in the case.  By letter dated September 29, 2015, we invited Martinez to inform this court of any issues he wished us to address.  Martinez did not respond to our invitation.  We have independently reviewed the record and have no arguable issues.

## *DISPOSITION*

The order denying the petition is affirmed.